KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rodolfo Alvarez, | No.  CV-24-01654-PHX-JJT (CDB) |
| Plaintiff, | |
| v. | **ORDER** |
| Ryan Thornell, *et al.*, | |
| Defendants. | |

Before the Court is the Report and Recommendation (Doc. 14, "R&R") entered in this matter by United States Magistrate Judge Camille D Bibles, addressing Plaintiff Rodolfo Alvarez's "Motion for Clarification as to Extended Time Frame and Notice of an Amended Complaint to Come Soon." (Doc. 10.) Judge Bibles correctly treats Plaintiff's Motion as one to amend his original Complaint in this matter (Doc. 1), and recommends that the Court deny that motion to amend. (R&R at 8.) Plaintiff timely filed an objection to the R&R. (Doc 15.)

Also before the Court is Plaintiff's recently-filed Motion for Protective Order. (Doc. 25.) The court will resolve both motions and the R&R herein.

### I.     Motion to Amend and R&R

Plaintiff's Motion is accompanied by a lodged proposed First Amended Complaint (Doc. 11, "FAC"). The proposed FAC still contains Plaintiffs original Count I, which the Court ruled in a previous order successfully states a cognizable Eighth Amendment claim, and to which Defendants Ponce and Valencia named therein have now filed an Answer.

1  (Doc. 16.) The proposed FAC also attempts to revive counts 2 and 3 of the original
2  complaint, which this court previously dismissed without prejudice for failure to state a
3  claim. (Doc. 7.)
4        In the R&R, Judge Bibles concludes that Plaintiff's proposed additions to Counts II
5  and III do not remedy the deficiencies in those claims, and finds the amendments futile.
6  For that reason, she recommends denying the Motion. The Court agrees with this
7  conclusion.
8        In dismissing Plaintiff's First Amendment retaliation claim as set forth in Count II
9  of his original Complaint, the undersigned stated that "[n]either requesting use of a
10  bathroom nor urinating in a vehicle constitute 'protected conduct' for purposes of a First
11  Amendment retaliation claim." (Doc. 7 at 5.) That statement of law was correct when the
12  Court made it and it is still correct. While Plaintiff has bolstered his allegations to address
13  the chilling effect the defendants' actions had upon him—another area the Court found
14  deficient in Count II of his Complaint—he has failed still to allege any speech or other act
15  that would, taken as true, satisfy the element of protected conduct. Plaintiffs proposed
16  amended Count II still points only to "voicing his urgent need to use the restroom." And
17  Plaintiff's addition in the proposed FAC of an allegation that he "engaged in a protected
18  activity by voicing his condition of confinement due to denial of access to a facility to
19  urinate" is conclusory. It does not convert his request to use the bathroom to a protected
20  activity within the meaning of First Amendment retaliation jurisprudence simply by calling
21  it that.
22        Plaintiff's argument against this recommendation in his Objections does not address
23  the R&R's analysis demonstrating that not every statement by a putative plaintiff is
24  protected speech for purposes of a Section 1983 retaliation claim. Judge Bibles clearly
25  outlined caselaw showing that while threats or statements of intent by a prisoner plaintiff
26  to sue, or to grieve, or otherwise seek administrative remedy for a prison officer's actions
27  or omissions were protected, mere criticisms, or complaints, or—as here—requests,
28  however urgent or potentially justified, do not rise to the level of protected activity under

the case law. The Court previously found Plaintiff had stated on these facts a colorable Eighth Amendment claim in Count I, and that claim stands. He cannot convert the same underlying factual allegations into a retaliation claim without the necessary elements to include protected conduct. The Court will deny Plaintiff's Motion to Amend insofar as it pertains to Count II.

In attempting to amend his complaint as to the original Count III, as against ADCRR Director Thornell for failure to train, Plaintiff again alleges no new facts. And on the original facts alleged in the Complaint, this Court, in dismissing Count III, ruled that

> Plaintiff does not allege facts to support that Defendant Valencia and Ponce's training was inadequate or that any such inadequacy was the result of a deliberate or conscious choice by Defendant Thornell. Plaintiff has therefore failed to state a failure-to-train claim and the Court will dismiss Count Three and Defendant Thornell.

(Doc. 7 at 6.) In the R&R, Judge Bibles noted that

> Plaintiff fails to cure the deficiency noted by the screening order [Doc. 7] with regard to his claim against Thornell. Plaintiff has not alleged that Thornell personally participated in a deprivation of Plaintiff's constitutional rights, or that Thornell was aware of a deprivation and failed to act or that Thornell formed policies that resulted in Plaintiff's injuries. Nor has Plaintiff plausibly alleged facts establishing an affirmative link between Thornell's alleged failure to supervise and the Defendants' actions.

(R&R at 8.) The Court agrees. In his proposed FAC, Plaintiff adds two full paragraphs to his proposed Count III, but they merely repeat policy and the allegations already in the original Count III. They make no additional allegations that would, if taken as true, show any personal participation, awareness and failure to act, or formation of policies by Thornell that resulted in the injuries Plaintiff satisfactorily alleges in Count I. Nor does Plaintiff show through his allegations any link between Thornell's failure to supervise and the actions of Defendants Ponce and Valencia. And Plaintiff's Objection to this conclusion

plows no new ground; it merely restates conclusory that Defendant Thornell should be subject to suit. This is not enough. The Court will deny Plaintiff's Motion to Amend insofar as it pertains to Count III.

## II.     Motion for Protective Order

In Plaintiff's Motion for Protective Order (Doc. 25), he seeks to preclude Defendants "from questioning the Plaintiff in regards to his criminal past or why the Plaintiff is in prison, as it has no bearing on the civil complaint." Plaintiff also asks for assistance from a Spanish interpreter at any depositions and at trial, as well as the presence of a fellow inmate to assist him in presenting his case.

Plaintiff's concerns about introduction of his criminal history may be germane before a jury, but his request is premature. They are properly the subject of a motion *in limine* before trial or an objection at trial, but the Court will not address them at this juncture.

Plaintiff's concern about the need for an interpreter will be addressed at the stages where such need arises. Civil litigants are not entitled to court-appointed interpreter services regardless of indigency. Thus, if Defendants seek to conduct depositions of Plaintiff or other witnesses, Defendants will be responsible for providing a certified interpreter at their expense, and likewise with Plaintiff, with very limited exceptions as set forth in General Order 10-10.

Finally, a non-lawyer may not represent a party other than himself or herself in federal court proceedings. The Court therefore cannot order Plaintiff's fellow inmate to be present to assist him in court proceedings in this matter. For the above reasons,

**IT IS ORDERED:**

1) Adopting Judge Bibles's R&R (Doc. 14) and overruling Plaintiff's Objections thereto (Doc. 15);

2) Denying Plaintiff's Motion to Amend, styled as a "Motion for Clarification as to Extended Time Frame and Notice of an Amended Complaint to Come Soon"

(Doc. 10); this matter will now proceed to discovery on Count I of the original Complaint (Doc. 1), which shall remain the operative Complaint; and

3) Denying as set forth above Plaintiff's Motion for Protective Order (Doc. 25).

Dated this 30th day of April, 2025.

>　　　　　　　　　　　　　　　　　　　　　　
Honorable John J. Tuchi
United States District Judge

TERMPSREF